IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD KAFER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA, N.A., ) <br> a foreign corporation, ) <br> ) <br> Defendant. ) | Case No. 19-CV-00024-GKF-FHM |

**ORDER**

This matter comes before the court on the Rule 12(b)(6) Motion to Dismiss the Complaint [Doc. 8] of defendant Bank of America, N.A. ("BANA"). For the reasons set forth below, the motion is granted in part and denied in part.

**I.  Allegations of the Complaint**

The Complaint includes the following allegations. On August 30, 2017, plaintiff Donald Kafer purchased a 2017 Jeep Renegade for his now-deceased wife. [Doc. 1, ¶ 4 ; Doc. 8-1].[1] Kafer financed the Jeep through BANA. [Doc. 1, ¶ 4]. Kafer was the sole individual listed on the loan, as well as the Jeep's title. [*Id.*]. In addition to financing the vehicle through BANA, Kafer also

---

[1] The court takes judicial notice of the retail installment sale contract, dated August 30, 2017, attached to BANA's motion to dismiss as "Exhibit A." *See* [Doc. 8-1]. The Tenth Circuit has recognized that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Here, Kafer explicitly refers to the retail installment sale contract in his Complaint. [Doc. 1, ¶ 4]. Further, Kafer does not dispute the authenticity of the contract and, in fact, attaches an identical document as Exhibit B to his response to the motion to dismiss. *See* [Doc. 11-2]. Thus, the retail installment sale contract attached to BANA's motion to dismiss is the appropriate subject of judicial notice.

banked with BANA. Kafer alleges BANA "always maintained [his] correct email address, mobile phone number, and address." [*Id.* ¶ 6].

Kafer's deceased wife allegedly suffered from substance abuse and mental disorders. [*Id.* ¶ 7]. In November of 2017, Kafer's wife filed a petition for protective order against Kafer that prohibited Kafer from entering his residence. [*Id.*]. The following day, Kafer's wife, while sober, attempted to dismiss the suit but was "denied by the courts due to court procedures." [*Id.*]. While Kafer was prohibited from entering his home, Kafer continued to allow his wife to drive the Jeep in order to provide transportation to the couple's child. [*Id.* ¶ 8].

In February of 2018, Kafer's wife was pulled over while driving the Jeep and arrested for driving under the influence. [*Id.* ¶ 9]. The Jeep was impounded at South Tulsa Towing. [*Id.*]. Although Kafer's wife attempted to retrieve the Jeep the next day, she was unable to do so because she was not the vehicle's titled owner. [*Id.*]. South Tulsa Towing subsequently sent certified mail to Kafer's residence, but the mail was returned because Kafer was prohibited from the premises. [*Id.*]. Kafer's wife did not notify him of either her arrest or that the Jeep was impounded. [*Id.* ¶ 11]. Nor did BANA notify Kafer that the car was impounded. [*Id.* ¶ 12].

Kafer alleges that, "[a]fter thirty (30) days at the impound, [BANA]—without giving notice to the person on the loan and title, Donald Kafer—proceeded to repossess the vehicle." [*Id.*]. Upon repossession, BANA sent the Jeep to Kansas City for auction. [*Id.*].

During a Department of Human Services hearing in April of 2018, DHS notified Kafer of his wife's arrest and the Jeep's impoundment. [*Id.* ¶ 13]. Kafer immediately called BANA inquiring as to the status of the Jeep. [*Id.*]. BANA allegedly informed Kafer that "there was noting they could do" because the Jeep was already at auction. [*Id.*].

The Jeep subsequently sold at auction. [*Id.* ¶ 14]. BANA then telephoned Kafer to inform him of BANA's deficiency judgment against him. [*Id.*]. As a result, Kafer now has an inability to attain credit at a reasonable rate, or at all. [*Id.* ¶ 15]. Further, although Kafer's credit score was previously 800, his credit score is now 555. [*Id.* ¶ 16].

Based on the foregoing, the Complaint includes two claims for relief: (1) wrongful repossession in violation of the Oklahoma Uniform Commercial Code, and (2) wrongful credit reporting in violation of the Fair Credit Reporting Act. BANA moves to dismiss both claims.

**II.     Standard**

Federal Rule of Civil Procedure 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court accepts as true all factual allegations, but the tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678.

**III.    Analysis**

As previously stated, Kafer asserts two claims for relief: wrongful repossession and wrongful credit reporting. BANA moves to dismiss both claims. The court separately considers each claim.

A. *Wrongful Repossession*

The Oklahoma Uniform Commercial Code grants a secured party the right to take possession of collateral after default. 12A OKLA. STAT. § 1-9-609(a). After default, the secured party "may sell, lease, license, or otherwise dispose of" the collateral, provided that "[e]very aspect of a disposition of collateral, including the method, manner, time, place, and other terms, [are] commercially reasonable." *Id.* § 1-9-610(a), (b). Subject to limited exceptions, "a secured party that disposes of collateral under Section 1-9-610 of this title shall send to [the debtor] a reasonable authenticated notification of disposition." *Id.* § 1-9-611(b). "The notification must be reasonable as to the manner in which it is sent, its timeliness (i.e., a reasonable time before the disposition is to take place), and its content." *Id.* at U.C.C. cmt. 2. In a consumer transaction, "whether a notification is sent within a reasonable time is a question of fact." *Id.* § 1-9-612(a). "Failure to give notice does, however, subject the creditor to liability for any damages caused by this failure." *First State Bank of Oilton v. Perryman*, 746 P.2d 706, 707 (Okla. Civ. App. 1987) (citing *Beneficial Fin. Co. v. Young*, 612 P.2d 1357, 1361 (Okla. 1980)); *see also Young*, 612 P.2d at 1359 ("[T]he drafters of the Code provided for the protection of the debtor in case of noncompliance. If the noncompliance results in damage to the debtor, the debtor has a right to recover for such damage.").

Kafer alleges that BANA "never notified Donald Kafer of either repossession or the subsequent sale. Only once the car was at auction did Kafer become aware that [BANA] held possession."[2] [Doc. 1, ¶ 20]; *see also* [*id.* ¶ 12 ("Kafer was not notified by [BANA] that the car

---

[2] The Complaint also includes allegations that BANA wrongfully repossessed the Jeep because, at the time of the repossession, Kafer's account was current and he had never missed an installment payment. [Doc. 1, ¶¶ 5, 10, 12-13, and 19]. However, in his response to the motion to dismiss, Kafer "agrees his failure to retrieve [the Jeep] from the impound due to a lack of knowledge constitutes a 'default' per the financing agreement," which authorized BANA to repossess the

was impounded. After thirty (30) days at the impound, [BANA]—without giving notice to the person on the loan and title, Donald Kafer—proceeded to repossess the vehicle.")]. Thus, the Complaint alleges that BANA failed to provide the notice of disposition required by the Oklahoma Uniform Commercial Code.

In the motion to dismiss, BANA contends that Kafer's allegations "confirm that notices were sent to him by certified mail to his personal residence." [Doc. 8, p. 9 (citing [Doc. 1 ¶ 9])]. However, the allegation to which BANA refers asserts that *South Tulsa Towing*, not BANA, sent certified mail to Kafer's residence. *See* [Doc. 1, ¶ 9]. The Complaint includes no allegations that BANA sent any certified notice to Kafer. Further, in its reply, BANA asks the court to take judicial notice of correspondence from BANA to Kafer dated March 28, 2018, which was attached to Kafer's response. BANA asserts that the court must "accept as true a plaintiff's allegations *except when directly contradicted by the attached exhibits*." [Doc. 13, p. 5 (quoting *Estate of Ronquillo v. City & Cty. of Denver*, 720 F. App'x 434, 437 (10th Cir. 2017) (emphasis added)]. However, Kafer did not attach the March 28, 2018 correspondence to his Complaint. Thus, the document is not considered part of the pleading, FED. R. CIV. P. 10(c), and cases cited by BANA for the proposition that the court may disregard factual allegations contained in the Complaint are distinguishable. Rather, the Complaint explicitly alleges that BANA *did not* provide the required notice. Because the March 28, 2018 correspondence is neither part of the pleading nor referenced

---

Jeep. [Doc. 11, p. 3]. Thus, the motion to dismiss is granted with respect to the wrongful repossession claim to the extent premised on allegations that BANA wrongfully repossessed the Jeep because Kafer's account was current.

in the Complaint, the court may not consider the document to determine the motion to dismiss. *See Erikson v. BP Expl. & Prod. Inc.*, 567 F. App'x 637, 639 (10th Cir. 2014).[3]

Under Oklahoma law, failure to provide the notice required by the Oklahoma Uniform Commercial Code may subject a creditor to liability. *Perryman*, 746 P.2d at 707. Kafer alleges that BANA failed to provide the required notice. Thus, the Complaint states a plausible claim for wrongful repossession due to failure to provide the required notice under Oklahoma law.[4]

B. *Wrongful Credit Reporting*

Kafer alleges that BANA wrongfully reported the repossession and deficiency judgment, which affected Kafer's credit. [Doc. 1, ¶¶ 22-23]. The Fair Credit Reporting Act ("FCRA") "imposes a duty on persons who provide information to credit reporting agencies ("furnishers") to accurately report information." *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012) (citing 15 U.S.C. § 1681s-2(a)). Section 1681s-2 divides the duty of furnishers of information to consumer reporting agencies into two general categories: (1) the duty of furnishers of information to provide accurate information pursuant to subsection (a) of the statute; and (2) the duty of furnishers of information upon notice of dispute pursuant to subsection (b) of

---

[3] Further, even if the court were to consider the March 28, 2018 letter, based on the court's review, nothing therein confirms that the notice was actually sent to Kafer. *See* 12A OKLA. STAT. § 1-9-611. Moreover, even if sent, the notice provided must be reasonable as to the manner in which it is sent, its timeliness, and its content. *Id.* at U.C.C. cmt. 2. In a consumer transaction such as the transaction at issue, the reasonableness of notice is generally inappropriate for resolution at the pleading stage. *See id.* § 1-9-612(a). Finally, were the court to consider the March 28, 2018 letter, it would have to treat the motion to dismiss as a motion for summary judgment and give the parties an opportunity to present all materials pertinent to the motion. FED. R. CIV. P. 12(d).

[4] In response to the motion to dismiss, Kafer raises a myriad of issues not included in the Complaint, including due process, breach of the duty of good faith and fair dealing, and estoppel. *See* [Doc. 11, pp. 4-10]. Because the court concludes that the Complaint, as pled, states a plausible claim for wrongful repossession, the court need not consider these new issues. Further, the court notes that "[a] plaintiff may not add new claims in responses to motions." *Smith v. Mantle*, No. 16-CIV-0394-HE, 2017 WL 2656463, at *1 n.3 (W.D. Okla. June 20, 2017).

the statute. *See* 15 U.S.C. § 1681s-2; *Greene v. Capital One Bank*, No. 07-CV-687-TS, 2008 WL 1858882, at *2 (D. Utah Apr. 23, 2008).

The FCRA does not provide a private right of action against furnishers of information for the failure to provide accurate information pursuant to § 1681s-2(a). *Sanders,* 689 F.3d at 1147 ("While it also gives consumers a private right of action against those who violate its provisions, *see* 15 U.S.C. § 1681n (right of action against willful violators); 15 U.S.C. § 1681o (right of action against negligent violators), that right of action is limited to claims against the credit reporting agency; it does not extend to furnishers."); *Brunson v. Provident Funding Assocs.*, 608 F. App'x 602, 611 (10th Cir. 2015); *Whisenant v. First Nat'l Bank & Tr. Co.*, 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003) ("[U]nder § 1681s-2(a), furnishers of credit information have a duty to provide accurate information to a credit reporting agency. Congress did not create a private right of action for violations of this section[.]"). Thus, Kafer cannot state a plausible claim for any alleged violation by BANA of its duty to provide accurate information pursuant to § 1681s-2(a).

Conversely, the FCRA does provide a private right of action for violations of § 1681s-2(b), which imposes a duty on furnishers to investigate and report incomplete and inaccurate information when it receives notice of a consumer dispute from a consumer reporting agency ("CRA"). *Willis v. Capital One Corp.*, 611 F. App'x 500, 502 (10th Cir. 2015); *Whisenant*, 258 F. Supp. 2d at 1316. However, "[t]he furnisher's duty to investigate arises only after a CRA notifies the furnisher of a dispute." *Willis*, 611 F. App'x at 502. "[N]otice of a dispute received directly from the consumer does not trigger furnisher's duties under subsection (b)." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 751 (10th Cir. 2009) (emphasis altered from original). Thus, "[a] consumer cannot recover under § 1681s-2(b) if they do not initiate the process

for recovery by notifying a CRA of the dispute." *Fishback v. HSBC Retail Servs. Inc.*, 944 F. Supp. 2d 1098, 1108 (D.N.M. 2013) (citing *Sanders*, 689 F.3d at 1147).

Here, the Complaint includes no allegations from which the court may reasonably infer that Kafer notified a CRA of any disputed information, or that BANA subsequently received notice from that CRA. Although Kafer alleges that he contacted BANA, notice of dispute received from a consumer does not trigger a furnisher's duties under § 1681s-2(b). *Pinson,* 316 F. App'x at 751. Thus, the Complaint fails to state a plausible claim for violation of the FCRA. *See Willis,* 611 F. App'x at 502-03. BANA's motion to dismiss is granted with respect to this claim.

### IV.     Motion to Amend

In opposition to the motion to dismiss, Kafer requests, alternatively, that the court give him permission to amend "to modify existing claims and add additional claims." [Doc. 11, p. 11]. Local Civil Rule 7.2(*l*) provides that all motions to amend "shall be accompanied by a proposed order submitted pursuant to the Administrative Guide which specifically sets forth what is being amended." Local Civil Rule 7.2(l) further requires that the movant state whether any party objects to the motion. Kafer's request does not comply with LCvR 7.2(*l*), and is therefore denied.

### V.     Conclusion

WHEREFORE, Defendant Bank of America, N.A.'s Rule 12(b)(6) Motion to Dismiss the Complaint [Doc. 8] is granted in part and denied in part. The motion is granted with respect to the wrongful repossession claim to the extent premised on allegations BANA wrongfully repossessed the vehicle because Kafer's account was current and the wrongful credit reporting claim under the FCRA. The motion is otherwise denied.

DATED this 13th day of August, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE