IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DONALD KAFER,                )
                             )
    Plaintiff,              )
                             )
v.                           )   Case No. 19-CV-00024-GKF-FHM
                             )
BANK OF AMERICA, N.A.,       )
a foreign corporation,       )
                             )
    Defendant.              )

# ORDER

This matter comes before the court on the Motion for Leave to Amend Complaint [Doc. 17] of plaintiff Donald Kafer. For the reasons set forth below, the motion is granted in part and denied in part.

## I.    Background and Procedural History

This case relates to the repossession of a Jeep Renegade ("Vehicle") owned by plaintiff Donald Kafer and financed by defendant Bank of America, N.A. ("BANA"). Kafer alleges that BANA wrongfully repossessed and disposed of the Vehicle. Kafer filed this action seeking damages for the repossession, as well as damage to his credit score.

Kafer's original Complaint included two claims: (1) wrongful repossession, and (2) wrongful credit reporting and subsequent damage, under the federal Fair Credit Reporting Act. [Doc. 1]. BANA filed a motion seeking dismissal of both claims. [Doc. 8]. In an August 13, 2019 Order, the court granted the motion with respect to the wrongful credit reporting claim under the Fair Credit Reporting Act and the wrongful repossession claim to the extent premised on allegations BANA wrongfully repossessed the Vehicle because Kafer's account was current. [Doc. 15]. The motion was otherwise denied. [*Id.*].

Kafer now seeks leave to amend. [Doc. 17]. The proposed Amended Complaint includes new factual allegations, many directed to the wrongful repossession claim. Additionally, Kafer seeks leave to assert four new claims: (1) breach of online banking service agreement (detrimental reliance); (2) breach of financing agreement and/or failure to comply with the Uniform Commercial Code by BANA's failure to allow plaintiff's redemption of collateral; (3) breach of the duty to act in a commercially reasonable manner; and (4) lender liability for breach of duty of good faith. Finally, Kafer proposes to re-advance the wrongful credit reporting claim, but under OKLA. STAT. tit. 12A, § 1-9-625, rather than the federal Fair Credit Reporting Act.

BANA objects to the proposed amendment. [Doc. 21]. BANA contends that the proposed amendments "attempt[] to circumvent this court's prior order and will cause prejudice to BANA." [*Id.* at p. 7]. Additionally, BANA argues that Kafer's proposed new claims are futile. [*Id.* at p. 9]. Plaintiff has replied and the motion is now ripe for the court's review.

**II.     Standard**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course within twenty-one (21) days of service or, if the pleading is one to which a responsive pleading is required, within 21 days of service of the responsive pleading or motion. FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Although a court should freely grant leave to amend "when justice so requires," FED. R. CIV. P. 15(a)(2), "denial of a motion to amend may be appropriate where there has been shown 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Steadfast Ins. Co. v. Agric. Ins. Co.*, No. 05-CV-126-GKF-TLW, 2014 WL

1901175, at *4 (N.D. Okla. May 13, 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "'[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

### III. Analysis

Kafer's proposed Amended Complaint includes six claims for relief: (1) wrongful repossession and disposition of collateral; (2) breach of online banking service agreement (detrimental reliance); (3) breach of financing agreement and/or failure to comply with the UCC by BANA's failure to allow plaintiff's redemption of collateral; (4) breach of the duty to act in a commercially reasonable manner; (5) lender liability for breach of the duty of good faith and fair dealing; and (6) wrongful credit reporting and associated damage pursuant to OKLA. STAT. tit. 12A, § 1-9-625. The court separately considers each claim.

### A. *Wrongful Repossession and Disposition of Collateral*

At the outset, the court notes that it previously denied BANA's motion to dismiss with respect to this claim to the extent premised on failure to provide the required notice under Oklahoma law. BANA objects to Kafer's proposed amendments as impermissible "bolstering" of the wrongful repossession claim. BANA further interprets the proposed amended pleading to reassert a wrongful repossession claim premised on the fact that his account was current, and argues that the proposed amendments would require BANA "to expend additional resources to brief a motion to dismiss that the Court has already ruled on." [Doc. 21, pp. 8-9].

First, with respect to "bolstering," Kafer seeks leave to add additional facts to support a valid claim—wrongful repossession based on the failure to provide the requisite notice. Such amendments are permissible. *See, e.g., Klaassen v. Univ. of Kan. Sch. of Med.*, No. 13-CV-2561-

DDC-KGS, 2016 WL 7117183, at *8 (D. Kan. Dec. 7, 2016). BANA argues that the proposed amendment to add additional new factual allegations is unduly prejudicial. However, in the Tenth Circuit:

> [c]ourts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.

*Minter*, 451 F.3d at 1208 (internal citation omitted). Because Kafer's proposed new factual allegations arise out of the same subject matter of the original Complaint and relate to the existing wrongful repossession claim, BANA will not be unduly prejudiced by the proposed amendment. Thus, the motion to amend with respect to this claim is granted. *See also* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

As for the wrongful repossession claim premised on the fact that Kafer was current on his account, the court does not interpret the proposed Amended Complaint to reassert this claim. Thus, BANA's objection to amendment of the claim for wrongful repossession and disposition of collateral is overruled.[1]

---

[1] Similarly, the court does not construe Kafer's four new claims as alleging that BANA's repossession or disposition of the Vehicle was wrongful simply because Kafer was current on his account. Rather, in the paragraphs relied on by BANA, Kafer alleges that it was BANA's failure to notify him (specifically, by email) of the repossession or disposition that was commercially unreasonable. [Doc. 17-1, ¶¶ 32, 47]. Thus, Kafer's mere allegation that he was current on his account is not determinative as to the validity of his claim. Further, it is conceivable to the court that the allegation may be relevant to the reasonableness of the notice provided by BANA, although the court cannot determine relevancy at the pleading stage of this litigation.

  B.  *Breach of Online Banking Service Agreement (Detrimental Reliance)*[2]

 Kafer's first proposed new claim is for breach of BANA's online banking service agreement, which Kafer alleges states: "Automatic Alerts are sent to your primary email address only and provide you with important account notifications." [Doc. 17-1, ¶ 36]. Kafer asserts that BANA breached the agreement by failing to send an alert to his primary email address that the Vehicle was repossessed and, eventually, sold. [*Id.*].

 BANA argues that Kafer's requested amendment is futile because the Oklahoma Commercial Code requires only that BANA, as the secured party, "send . . . a reasonable authenticated notification of disposition." OKLA. STAT. tit. 12A, § 1-9-611(c). "Send," in connection with a record or notification, means "to deposit in the mail, deliver for transmission, or transmit by any other usual means of communication, with postage or cost of transmission provided for, addressed to any address reasonable under the circumstances[.]" OKLA. STAT. tit. 12A, § 1-9-102(75). BANA argues that the law requires that an authenticated notice be sent by U.S. mail and delivered to a physical address, and therefore the law does not permit it to provide notice by email. However, Kafer alleges that BANA breached its online banking service contract, not Oklahoma statutes.[3] BANA points to nothing in the statute that precludes it from contracting to provide additional notice.

---

[2] Oklahoma does not recognize a separate cause of action for detrimental reliance. *See Lawrence v. City of Bixby Police Dep't*, No. 06-CV-0661-CVE-PJC, 2007 WL 1690881, at *2 (N.D. Okla. June 7, 2007). However, detrimental reliance may be a factor to determine the existence of an implied contract. *Id.* at *2. Here, Kafer appears to be asserting breach of an express contract, in which case detrimental reliance would not be applicable.

[3] Further, the court notes that the definition includes transmission by "any other usual means of communication," and that address is not limited to a physical address. OKLA. STAT. tit. 12A, § 1-9-102(75).

Under Oklahoma law, the elements of a breach of contract claim are: "(1) the formation of a contract, (2) breach of the contract, and (3) damages as a result of that breach." *Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla. 2018). The proposed Amended Complaint includes allegations to satisfy each element. Kafer alleges that he and BANA formed a contract through his acceptance of the Online Banking Service Agreement. [Doc. 17-1, ¶ 36]. Kafer asserts that BANA breached the agreement by failing to provide him a digital alert that the Vehicle was in danger of being repossessed or sold. [*Id.*]. Kafer claims damages as a result of the breach, including loss of the Vehicle and an inability to obtain credit. [*Id.* ¶ 37]. Thus, the requested amendment is not futile, and Kafer's motion to amend is granted with respect to this claim.[4]

  C. *Breach of Financing Agreement and/or Failure to Comply with the UCC by BANA's Failure to Allow Plaintiff's Redemption of Collateral*

Kafer alleges that BANA breached the Financing Agreement with BANA for the Vehicle by rejecting his attempt to redeem the Vehicle. [Doc. 17-1, ¶ 40]. BANA argues that amendment with respect to this claim is futile because Kafer's proposed allegations do not trigger any right to redemption.

Pursuant to OKLA. STAT. tit. 12A, § 1-9-623 a debtor may redeem collateral, but to do so, the debtor must tender: "(1) fulfillment of all obligations secured by the collateral; and (2) the reasonable expenses and attorney's fees described in paragraph (1) of subsection (a) of Section 1-9-615 of this title." OKLA. STAT. tit. 12A, § 1-9-623(b). The comments to the Uniform Commercial Code state "[t]o redeem the collateral a person must tender fulfillment of all obligations secured, plus certain expenses." OKLA. STAT. tit. 12A, § 1-9-623(b), U.C.C. cmt. 2.

---

[4] For this same reason, BANA's argument that amendment is futile because the controlling factor under the statue is that notice is sent, not received, is not persuasive. Further, as discussed in the court's August 13 order, the reasonableness of the manner in which notice is sent is generally inappropriate for resolution at the pleading stage. [Doc. 15, p. 6 n.3].

"A tender of fulfillment obviously means more than a new promise to perform an existing promise." *Id*. Similarly, Kafer alleges that the financing agreement between he and BANA provides for redemption, but requires payment as a precondition, [Doc. 17-1, ¶ 40], and that the notice "BANA maintains it sent to [Kafer]" informed Kafer that, to redeem the Vehicle, he was required to pay the full amount owed, including BANA's expenses. [*Id.* ¶ 41].

The proposed Amended Complaint includes no allegations that Kafer tendered fulfillment of all obligations secured with respect to the Vehicle and the requisite expenses, or even attempted to do so.[5] Thus, the proposed Amended Complaint fails to state a plausible claim for breach of the financing agreement or failure to comply with the UCC by failing to allow redemption of the collateral and therefore Kafer's proposed amendment with respect to this claim is futile.

  D.  *Breach of Duty to Act in a Commercially Reasonable Manner*

Kafer next requests leave to amend to assert a claim for breach of the duty to act in a commercially reasonable manner in repossessing and disposing of the collateral. *See* OKLA. STAT. tit. 12A, § 1-9-610. Pursuant to Oklahoma statutes,

> (a) After default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing.
>
> (b) Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable. . . .

*Id.* § 1-9-610(a), (b). In the proposed Amended Complaint, Kafer asserts that "BANA's failure to notify [Kafer], who was current on his account, of a repossession or disposition was commercially unreasonable." [Doc. 17-1, ¶ 47]. Specifically, Kafer points to BANA's failure to allow Kafer to redeem the collateral and its failure to follows its online banking agreement.

---

[5] Kafer also includes no allegations that BANA failed to provide him with the amount owed under the financing agreement.

To the extent predicated on BANA's failure to allow Kafer to redeem the collateral, for the reasons discussed above, the requested amendment is futile.

However, to the extent based on BANA's failure to provide adequate notice, the proposed Amended Complaint includes sufficient factual allegations to state a plausible claim. As more fully discussed in the court's August 13 order, Oklahoma statutes require a secured party to send a debtor a reasonable authenticated notification of disposition prior to disposing of collateral. *See* OKLA. STAT. tit. 12A, § 1-9-611(b). The reasonableness of notice is generally inappropriate for resolution at the pleading stage. *Id.* § 1-9-612(a). Accordingly, the proposed Amended Complaint states a plausible claim for breach of the duty to act in a commercially reasonable manner with respect to repossession and notice of the disposition of the Vehicle and the requested amendment would not be futile.

   E.   *Breach of the Duty of Good Faith*

Kafer next seeks leave to amend to assert a claim for breach of the duty of good faith and fair dealing. BANA does not contest that Oklahoma recognizes a duty of good faith and fair dealing between a lender and a debtor. *See Bank of Beaver City v. Barretts' Livestock, Inc.*, 295 P.3d 1088, 1091 (Okla. 2012). Rather, BANA argues only that Oklahoma statutes require only that notice be sent via U.S. mail. BANA states: "[Kafer] does not dispute BANA's contention that a notice, dated March 28, 2018, was sent to his mailing address . . . ." [Doc. 21, pp. 10-11].

BANA's argument does not preclude amendment for two reasons. First, Kafer does not concede that BANA actually sent the March 28 letter. *See* [Doc. 17-1, ¶ 16]. Second, as previously stated, the reasonableness of notice is generally inappropriate for resolution at the pleading stage. *Id.* § 1-9-612(a); *see also Farmers State Bank in Afton v. Ballew*, 626 P.2d 337, 340-41 (Okla. Civ. App. 1981). Kafer's requested amendment is not futile.

    F. *Wrongful Credit Reporting and Associated Damage*

  Finally, Kafer seeks leave to amend to assert a claim for wrongful credit reporting under OKLA. STAT., tit. 12A § 1-9-625, rather than the claim asserted under the federal Fair Credit Reporting Act in the original Complaint.  Section 1-9-625 provides for damages for violations of the Oklahoma Uniform Commercial Code.  However, Kafer identifies no provision in the Uniform Commercial Code related to credit reporting, nor has the court identified any authority suggesting that the Uniform Commercial Code applies to credit reporting.  Further, the court notes that the Oklahoma Consumer Protection Act, another statutory provision, specifically does not apply to claims for wrongful credit reporting.  *See Chapman v. Chase Manhattan Mortg. Corp.*, No. 04-CV-0859-CVE-FHM, 2007 WL 2815246, at **3-4 (N.D. Okla. Sept. 24, 2007).  Thus, in light of the dearth of Oklahoma authority cited by Kafer standing for the proposition that the Oklahoma UCC provides a cause of action for wrongful credit reporting, the court concludes the requested amendment is futile.

**IV.** **Conclusion**

  WHEREFORE, plaintiff Donald Kafer's Motion for Leave to Amend Complaint [Doc. 17] is granted in part and denied in part.  Plaintiff shall file an Amended Complaint consistent with this order no later than November 4, 2019.

  DATED this 28th day of October, 2019.

                GREGORY K. FRIZZELL
                UNITED STATES DISTRICT JUDGE